IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03342-M-RJ

DAVID MARSHALL VIVERETTE, )
)
          Plaintiff, )
)
v. ) ORDER
)
DEPUTY SHERIFF BRANDON )
STRICKLAND, et al., )
)
          Defendants. )

On September 9, 2022, David Marshall Viverette ("plaintiff"), a federal inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 9].

In support of his motion to appoint counsel, plaintiff asserts that the case is complex, his imprisonment will hinder his ability to conduct discovery, he has limited skill and education, and he is unable to find an attorney. See Mot. [D.E. 4].

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). "Exceptional circumstances" that contemplate appointment of counsel in *pro se* civil cases arise when a plaintiff lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

Contrary to plaintiff's assertions, this case is not complex. Because his filings indicate he has the capacity to represent himself, plaintiff fails to demonstrate "exceptional circumstances" meriting appointment of counsel, cf. id., and the court DENIES the motion [D.E. 4].

Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the complaint, as amended, and, for the reasons discussed below, allows the complaint to proceed in part.

## Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

2

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Complaint:

Plaintiff names as defendants Franklin County Sheriff Duane Barrett II ("Barrett"), and Franklin County Deputy Sheriff Brandon Strickland ("Strickland"), and generally alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights. See Compl. [D.E. 1] at 1–2.

Plaintiff specifically alleges: on September 18, 2019, plaintiff was driving lawfully with a passenger in his vehicle when Strickland initiated a traffic stop; plaintiff pulled over at a gas station; Strickland did not identify any basis for the stop, but addressed plaintiff by name and asked, "what are you doing here in Franklin County all the way from Rocky Mount"; plaintiff responded he went to an automotive specialty store; Strickland asked, "do you have anything in the car," and plaintiff responded, "no, I've got nothing"; Strickland ordered plaintiff and the passenger to exit the vehicle, placed them in handcuffs, and "made the plaintiff sit on the ground directly in front of the gas station" while Strickland and a second officer "conducted a lengthy search of plaintiff's vehicle"; after finding no drugs or weapons, Strickland "verbally expressed his frustrations" and told plaintiff, "I know you've got something somewhere"; Strickland "called for additional deputies to respond to the scene with 'drug sniffing canine dogs' and proceeded to

3

search the plaintiff's vehicle two more separate times . . . but again found no drugs weapons or illegal firearms"; Strickland then said, "we know you've got something" and "we're going to take you into the gas station bathroom for a strip search"; Strickland took plaintiff into a public restroom at the gas station and conducted a strip search but found nothing on plaintiff; the passenger then was strip searched and "was allegedly found to be in possession of an amount of heroin"; "plaintiff was placed under arrest, charged, indicted and prosecuted" for possession of heroin, maintaining a vehicle/dwelling/place with a controlled substance, and possession of drug paraphernalia; plaintiff was held on a $5,000.00 bail; plaintiff was detained "for approximately 2½ to 3 weeks until he posted" bail; his vehicle also was seized and impounded and he had to pay towing and storage fees and had to pay repair fees for damage caused by the towing process; as a result of this arrest, he lost a job with a construction company; and prosecution for these charges were terminated in plaintiff's favor on or about February 4, 2020. Id. at 2–5.

In Count One, plaintiff contends that Strickland's unlawful traffic stop lacking probable cause and led to his unlawful arrest, unlawful seizure, false imprisonment, and malicious prosecution, in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Id. at 6.

In Count Two, plaintiff invokes the court's pendent jurisdiction to raise claims premised on Strickland's official misconduct under N.C. Gen. Stat. § 58-76-5. Id.

In Count Three, plaintiff contends that Sheriff Barret:

> in his capacity as supervisor-witness of the unlawful actions of defendant Deputy Sheriff Brandon Strickland as respondent superior [sic], based on his negligent supervision and blindly witnessing by his counter signature of plaintiff's unlawful traffic stop lacking probable cause and subsequent arrest, search, seizure, malicious prosecution in his failure to properly review and to determine the lawful or unlawful actions of his subordinate employees.

Id. at 7.

In his "factual summary," plaintiff essentially reiterates the above claims, but he instead identifies the date of the incident as September 18, 2020. See id. at 8.

Plaintiff argues, *inter alia*, his traffic stop, seizure, search, and imprisonment all were unlawful, and that his charges amounted to malicious prosecution. See id. at 9–13. Plaintiff also asserts that, because Strickland and Barrett violated his civil rights, they "thereby engaged in state actionable tortious misconduct, as a basis of plaintiff's state claims under state pendent jurisdiction found under" N.C. Gen. Stat. § 58-76-5. Id. at 14.

For relief, plaintiff seeks compensatory damages as to his vehicle expenses in the amount of $1,700.00, 156 weeks of lost wages in the amount of $109,200.00, and punitive damages in the amount of $1,000,000.00. Id.

Plaintiff attaches a February 4, 2020, Franklin County dismissal notice for 18CRS52114 and 18CRS52115. Compl. Attach. [D.E. 1-1] at 1 (marking, as the reason for the dismissal, "other," and writing, "D is in federal custody. Interest of justice").

Discussion:

Plaintiff's Fourth Amendment claims are not clearly frivolous. See, e.g., Thompson v. Clark, 142 S. Ct. 1332, 1341 (2022) (holding "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction."); Wallace v. Kato, 549 U.S. 384, 387–88 (2007) (discussing false imprisonment and false arrest §1983 claims); Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (noting the requirements for a colorable malicious-prosecution claim).

5

The court, however, discerns no cognizable claims under either the Fifth or Fourteenth Amendments. See, e.g., Smith v. Travelpiece, 31 F.4th 878, 885 (4th Cir. 2022) ("Dressing a Fourth Amendment claim up in due process language does not transform it into a Fourteenth Amendment claim." (citations omitted)); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.").

Conclusion:

In sum, the court: DENIES the motion to appoint counsel [D.E. 4]; DENIES AS MOOT the motion for service [D.E. 3]; ALLOWS the Fourth Amendment claims to proceed; DISMISSES the Fifth and Fourteenth Amendment claims; DIRECTS the U.S. Marshals Service to make service under 28 U.S.C. § 1915(d); and DIRECTS the clerk to continue management of the case.

SO ORDERED this 30th day of March, 2023.

RICHARD E. MYERS II
Chief United States District Judge