IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03342-M-RJ

| | | |
|---|---|---|
| DAVID MARSHALL VIVERETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEPUTY SHERIFF BRANDON STRICKLAND, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This cause is before the court on plaintiff's motion to strike, Mot. [D.E. 23], plaintiff's self-styled "motion for order directing reply to answer [sic]," Mot. [D.E. 27], and defendants' motion to deem requests for admission admitted, Mot. [D.E. 25].

In support of his June 26, 2023, motion to strike, plaintiff contends that defendants' answer includes "insufficient defenses" of sovereign immunity, governmental immunity, and good-faith immunity. See Mot. [D.E. 23] at 1–5. Plaintiff specifically argues that: sovereign immunity applies to the State and its agencies, not to Sheriff's Office employees; defendants have provided "no reason whatsoever for why they should be granted governmental immunity"; and defendants' defense of good faith immunity "has been evolved into Qualified Immunity [sic]." Id. at 3–5.

In opposition, defendants generally argue that the motion to strike should be denied because these affirmative defenses were properly asserted and raised in an abundance of caution pursuant to ambiguities in plaintiff's complaint. Defs.' Resp. [D.E. 24] at 1–2. Defendants acknowledge that the defense of sovereign immunity generally is applicable to claims against the

State of North Carolina, whereas the defense of governmental immunity applies to local governmental entities, but they argue that these terms have been used interchangeably by North Carolina appellate courts. Id. at 2–3. Defendants further argue that, because plaintiff contends their defense of good faith immunity is subsumed by their defense of qualified immunity, the court need not strike this defense or do anything as to this purported redundancy. Id. at 5.

After review, the court DENIES plaintiff's motion to strike [D.E. 23].

Next, the court turns to plaintiff's August 14, 2023, "motion for order directing reply to answer [sic]." Mot. [D.E. 27]. In support, plaintiff argues: "it may be necessary" for plaintiff to reply to defendants' first affirmative defense – that some or all of the plaintiff's claims fail to state a claim upon which relief may be granted – because "it is possible that they are claiming to be free from liability because the prosecutor chose to pursue the indictment [sic]." Id. at 2. Plaintiff further argues that allowing a reply to the second affirmative defense of qualified immunity and public official immunity "will allow a quick and efficient way . . . to establish that the controlling facts in this matter are essentially disputed . . . [and] also further show the need for these facts to be more fully developed through the discovery process." Id. at 3.

Defendants oppose the motion, noting that plaintiff failed to participate in discovery and arguing they are entitled to assert these affirmative defenses which were properly pleaded, and that plaintiff's motion is without merit and should be denied. See Defs.' Resp. [D.E. 30].

After review, the court DENIES plaintiff's "motion for order directing reply to answer" [D.E. 27]. Further, as to plaintiff's concerns regarding the need for discovery, the court notes that it has already granted a period of discovery and set deadlines for discovery and motions. See [D.E. 20, 29, 34].

2

Finally, the court turns to defendants' August 2, 2023, motion to deem admitted their requests for admission. Mot. [D.E. 25]. In support, defendants note plaintiff failed to respond to their requests for admission within 30 days or seek an extension of time to respond. Defs.' Mem. [D.E. 26] at 3. Thus, defendants argue, under the plain language of Federal Rule of Civil Procedure 36(a)(3), their requests for admission are admitted. Id. at 3–4. Defendants also argue the instant motion provides plaintiff "with the notice and opportunity to respond on this issue as to whether his failure to respond to the Requests for Admission should result in the matters therein being conclusively established against him." Id. at 4.

Defendants' attached exhibits include their June 16, 2023, requests for admission, see Defs.' Mem. Attach., Ex. A [D.E. 26-1] at 2–12, and a certified mail receipt showing that these requests were mailed and delivered to plaintiff at his present address, id., Ex. B [D.E. 26-2] at 3.

On September 25, 2023, plaintiff filed a self-styled "notice of unintentional failure [sic]." Pl.'s Notice [D.E. 31]. Plaintiff states that he "unintentionally failed to respond" to defendants' first set of discovery requests, that he is "drafting his responses," and that he "intents to have them complete no later than October 1, 2023, [and he is] seeking a stipulation with the Defendants allowing extension of time to respond pursuant to Fed. R. Civ. P. 29(b)." See id. 1–2.

In support, plaintiff declares, *inter alia*: he received defendants' discovery requests circa June 19, 2023; his "intention was to make the inmate assisting [him] aware that [he] had received the said discovery requests, but [he] unintentionally failed to do so"; when he received defendants' response to his August 14, 2023, motion circa September 1, 2023, the inmate assisting him asked if he had received the discovery requests and, because he forgot that he had received them, his initial response was "no"; on September 16, 2023, when going through his locker, plaintiff

3

"became aware" that he did possess defendants' discovery requests and "promptly made the inmate assisting [him] aware." See Notice Attach., Pl.'s Decl. [D.E. 31-1] at ¶¶1–6.

Plaintiff also attaches the declaration of fellow inmate Donald Davis, dated September 17, 2023, declaring, *inter alia*: he is not a party, but is assisting plaintiff in the matter; circa September 1, 2023, he asked if plaintiff had received defendants' discovery requests and plaintiff responded, "no"; on September 16, 2023, plaintiff informed him about the discovery requests; and he "is now assisting" plaintiff with discovery request responses. See id., Davis Decl. [D.E. 31-1] at 4–6.

On October 11, 2023, defendants acknowledged they received discovery responses from plaintiff on October 10, 2023. Defs.' Notice [D.E. 32] at 1–2. Defendants "decline to accede" to plaintiff's "Stipulation Re Plaintiff's Responses to Defendants' Discovery Requests (First Set); Extension of Time" or "otherwise countenance or excuse the Plaintiff's nearly three (3) month overdue responses" to defendants' initial discovery requests. Id. at 2. Defendants argue that plaintiff has admitted there is no justification for his failure to respond timely to their written discovery request aside from having "stuffed them in a locker" upon receipt and "purportedly forgetting about them for months until September 16, 2023." Id. Defendants also note they alerted plaintiff about his failure to respond to written discovery requests via their instant August 2, 2023, motion, as well as correspondence from counsel on August 15 and September 15, 2023, that inquired about the status of plaintiff's overdue discovery responses. Id. at 2–3.

Federal Rule of Civil Procedure 36 provides, in relevant part:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

4

Under Rule 36(a), "unanswered request for admissions are deemed admitted as a matter of law." In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 660–61 (E.D. Va. 1999); see Foxworth v. World Book Encyclopedia, Inc., 838 F.2d 466 (4th Cir. 1988) (per curiam) (unpublished table decision) (holding, "[u]nder Fed. R. Civ. P. 36(a), the matters asserted in the [unanswered] request for admissions are deemed true"); In re Savage, 303 B.R. 766, 772 (Bankr. D. Md. 2003) ("A party's failure to respond to a request for admissions under Federal Rule of Civil Procedure 36 may result in a material fact being deemed admitted and subject the party to an adverse grant of summary judgment."); see also Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.").

As noted above, defendants do not stipulate to plaintiff's out-of-time request for an extension of time to respond to their requests for admission. See Fed. R. Civ. P. 29(b), 36(a)(3).

Despite his *pro se* prisoner status, plaintiff fails to establish circumstances warranting an exception to Federal Rule of Civil Procedure 36 because: defendants' requests for admission specifically cited this rule and informed him that "a matter is conclusively established if the party does not serve a response or objection within 30 days," Defs.' Mem. Attach., Ex. A [D.E. 26-1] at 2; plaintiff acknowledges he received defendants' discovery requests circa June 19, 2023, but took no action in response for nearly three months, see Pl.'s Decl. [D.E. 31-1] at ¶¶3, 6; whether from a fellow inmate or otherwise, plaintiff lacks any "abstract, freestanding right to . . . legal assistance," Lewis v. Casey, 518 U.S. 343, 351 (1996); and plaintiff also did not timely respond to defendants' instant motion to deem admitted these requests for admission. See Gardner v. Borden, Inc., 110 F.R.D. 696, 697 (S.D.W. Va. 1986), cause dismissed, 812 F.2d 1400 (4th Cir.

5

1987); United States v. Renfrow, No. 5:07-CV-117-FL, 2009 WL 903202, at *3–4 (E.D.N.C. Jan. 26, 2009), report and recommendation adopted, 612 F. Supp. 2d 677 (E.D.N.C. 2009); Yates v. Overholt, No. 7:19-CV-26-BO, 2021 WL 495856, at *1–2 (E.D.N.C. Feb. 10, 2021); cf. Nguyen v. CNA Corp., 44 F.3d 234, 242–43 (4th Cir. 1995); United States v. Turk, 139 F.R.D. 615, 618 (D. Md. 1991); Barclay v. USAA Gen. Indem. Co., No. 7:20-CV-249-M, 2023 WL 2773540, at *3–4 (E.D.N.C. Feb. 23, 2023), report and recommendation adopted sub nom. Barclay v. USAA Gen. Idemnity Co., No. 7:20-CV-00249-M, 2023 WL 2733398 (E.D.N.C. Mar. 31, 2023); Jones v. Jack Henry & Assciates, Inc., No. 3:06CV428, 2007 WL 4226083, at *2 (W.D.N.C. Nov. 30, 2007); In re Savage, 303 B.R. at 773.

Accordingly, the court, in its discretion, deems admitted defendants' June 16, 2023, requests for admission pursuant to Federal Rule of Civil Procedure 36(a)(3). See Yates, No. 7:19-CV-26-BO, 2021 WL 495856, at *2.

### Conclusion:

For the reasons discussed above, the court: DENIES plaintiff's motion to strike [D.E. 23]; DENIES plaintiff's "motion for order directing reply to answer [sic]" [D.E. 27]; and GRANTS defendants' motion to deem requests for admission admitted [D.E. 25].

SO ORDERED this 25th day of October, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
Chief United States District Judge

6